```
                  UNITED STATES DISTRICT COURT
                   DISTRICT OF MASSACHUSETTS
```

JAMES JACKS,
   Plaintiff,

   v.                                    CIVIL ACTION NO.
                                                      14-13072-MBB

LUIS SPENCER, THOMAS
DICKHAUT, JAMES SABA,
CAROL LAWTON and DENISE
McDONOUGH,
   Defendants.

**MEMORANDUM AND ORDER RE:**
**PLAINTIFF'S MOTION TO FILE NUNC PRO TUNC HIS NOTICE OF**
**APPEAL AND TO FILE A RECONSIDERATION MOTION OF**
**THE COURT'S MAY 6, 2016 ORDER ON DEFENDANTS'**
**MOTION TO DISMISS (DOCKET ENTRY # 40)**

**PROCEDURAL ORDER RE:**
**PLAINTIFF'S MOTION FOR RELEASE FROM JUDGMENT PURSUANT**
**TO RULE 60(B)(1), (6) AND RECONSIDERATION RIGHTS OR**
**ALTERNATIVELY TO NUNC PRO TUNC HIS RIGHTS**
**TO APPEAL AND RECONSIDERATION [sic] MOTION**
**(DOCKET ENTRY # 43)**

**November 21, 2016**

**BOWLER, U.S.M.J**

     Pending before this court is a motion to file a notice of appeal nunc pro tunc filed by plaintiff James Jacks ("plaintiff"), an inmate presently housed at the Souza-Baranowski Correctional Center in Shirley, Massachusetts ("SBCC"). (Docket Entry # 40). The motion additionally requests an opportunity to file a motion to reconsider a May 6, 2016 decision and "make appropriate filings nunc pro tunc." (Docket Entry # 40). More than a month later and after filing a notice of appeal in the interim, plaintiff filed a motion for release from judgment under

Fed.R.Civ.P. 60(b)(1) and (6) ("Rule 60").[1]  (Docket Entry # 43). Defendants Luis Spencer, Thomas Dickhaut, James Saba, Carol Lawton and Denise McDonough ("defendants") did not file an opposition to the pro se motions.

In light of plaintiff's pro se status, this court construes the nunc pro tunc motion (Docket Entry # 40) as seeking an extension of time to file a notice of appeal, see Fed.R.App.P. 4(a)(5) ("Rule 4"), or a reopening of the time to file an appeal, see Fed.R.App.P. 4(a)(6), of the May 6, 2016 decision.  See Erickson v. Pardus, 551 U.S. 89, 94 (2007) ("document filed pro se is 'to be liberally construed'"); see generally Hassett v. Hasselbeck, 177 F.Supp.3d 626 (D.Mass. 2016) (liberally construing pro se complaint as invoking "the only possible remedy available to her for the claimed wrong").  The decision allowed defendants' motion for summary judgment, which defendants initially filed as a motion to dismiss and this court converted to a summary judgment motion in a March 16, 2016 Order.  A final judgment dismissing this action entered on May 6, 2016.

In an affidavit supporting the nunc pro tunc motion, plaintiff states that he did not receive the March 16, 2016 Order

---

[1]  This motion seeks, in the alternative, to "nunc pro tunc" an appeal of a September 30, 2015 decision that denied plaintiff's summary judgment motion.  Because the ruling on the nunc pro tunc motion (Docket Entry # 40) reopens the time period for plaintiff to file an appeal, as explained below, this portion of the motion for release from judgment (Docket Entry # 43) is moot.

and belatedly received the May 6, 2016 decision on or about June 19, 2016. (Docket Entry # 40-1). As a reason, plaintiff asseverates that he spoke with a "[m]ail officer" at SBCC, who informed him that "all legal mail goes to [the] Inner Parameter [sic] Officer to deliver and inspect for contraband and at times mail gets lost or delayed depending on the security of the prison at the time." (Docket Entry # 40-1, ¶ 4).

After filing the nunc pro tunc motion (Docket Entry # 40), plaintiff filed the notice of appeal. (Docket Entry # 42). The notice is dated August 5, 2016 and docketed September 1, 2016. (Docket Entry # 42). A week later, plaintiff filed the motion for release from judgment under Rule 60(b).[2] (Docket Entry # 43). The Rule 60 motion is dated August 12, 2016 and docketed September 1, 2016. (Docket Entry # 43).

## DISCUSSION

As noted above, the final judgment entered on May 6, 2016. (Docket Entry # 38). Under Rule 4(a), a civil litigant has "30 days after entry of the judgment or order appealed from" to file a notice of appeal. Fed.R.App.P. 4(a). Because plaintiff is "an inmate confined in an institution," the filing date of a notice of appeal is the date the notice is deposited in SBCC's internal mail system or, if SBCC "has a system designed for legal

---

[2] The determination of the filing dates is explained below.

3

mail," the date the notice is deposited in the internal system for legal mail. Fed.R.App.P. 4(c). Absent evidence to the contrary, this court assumes that plaintiff placed the notice of appeal in the appropriate SBCC internal mail system on August 5, 2016. See Torres v. Irvin, 33 F.Supp.2d 257, 270 (S.D.N.Y. 1998) ("[a]bsent evidence to the contrary, the Court assumes that [prisoner] gave his petition to prison officials for mailing on the date he signed it"). Applying the mailbox rule to the nunc pro tunc motion, see Houston v. Lack, 487 U.S. 266, 276 (1988); Casanova v. Dubois, 304 F.3d 75, 79 (1st Cir. 2002); Morales–Rivera v. United States, 184 F.3d 109 (1st Cir. 1999), this court likewise assumes plaintiff deposited the motion in SBCC's internal mail system on June 27, 2016, the date of the motion. See Torres v. Irvin, 33 F.Supp.2d at 270. Finally, solely for purposes of determining whether an extension of time or a reopening of the time to appeal is needed, this court concludes that neither the notice of appeal filed August 5, 2016 nor the nunc pro tunc motion filed June 27, 2016, if considered a functional equivalent of a notice of appeal, see Campitu v. Matesanz, 333 F.3d 317, 320 (1st Cir. 2003); see also DeLong v. Dickhaut, 715 F.3d 382, 386 (1st Cir. 2013); Thomas v. Morton Intern., Inc., 916 F.2d 39, 40 (1st Cir. 1990); Fed.R.App.P. 3(c), was filed within "30 days after entry of the" May 6, 2016 decision as required by Rule 4(a)(1)(A).

When a movant files a motion to extend the time period within 30 days after the expiration of the 30-day time period to file the notice of appeal, the district court has the discretion to extend the time period if the movant "shows excusable neglect or good cause." Fed.R.App.P. 4(a)(5). The district court also has the discretion to reopen the time period if "the court finds that the moving party did not receive notice" under Fed.R.Civ.P. 77(d) ("Rule 77(d)") "within 21 days after entry" of the final judgment or order and the movant files the motion within 180 days of the final judgment or within 14 days after the moving party receives notice under Rule 77(d), "whichever is earlier." Fed.R.App.P. 4(a)(6); see Tanner v. Yukins, 776 F.3d 434, 439 (6th Cir. 2015) (Rule 4(a)(6) "provides an avenue for relaxing the time period for appeal in cases in which the litigant failed to receive notice of entry of judgment"). To fall within the safety net of Rule 4(a)(6), the court must also "find[] that no party would be prejudiced." Fed.R.App.P. 4(a)(6).

Here, with respect to the nunc pro tunc motion (Docket Entry # 40), plaintiff complains about the lack of notice of the March 16, 2016 Order and the belated receipt of the May 6, 2016 decision on June 19, 2016. Because Rule 4(a)(6) addresses precisely these circumstances, to wit, when "the moving party did not receive notice," Fed.R.Civ.P. 4(a)(6), this court initially examines Rule 4(a)(6) as opposed to Rule 4(a)(5). See generally

Harris v. U.S., 2010 WL 1628788, at *2 (W.D.Pa. Apr. 21, 2010); Couture v. U.S., 620 F.Supp.2d 155, 158 (D.Mass. 2009).

Turning to the task, plaintiff's affidavit provides sufficient evidence that he did not receive notice of the May 6, 2016 decision within 21 days of the Order's entry in the civil docket.  See Fed.R.App.P. 4(a)(6), (7); Fed.R.Civ.P. 79(a). Rather, he received notice of the decision on or about June 19, 2016 thereby satisfying Rule 4(a)(6)(A).  (Docket Entry # 40-1, ¶ 1).  Within 14 days of June 19, 2016, plaintiff filed the nunc pro tunc motion dated June 27, 2016 thereby satisfying Rule 4(a)(6)(B).  Finally, given the short delay, none of the defendants will be prejudiced by the delay.  See Fed.R.App.P. 4(a)(6)(C).  Indeed, defendants do not identify any prejudice or oppose the nunc pro tunc motion.  Accordingly, plaintiff is allowed 14 days after the date this Order is entered to file a notice of appeal.[3]  See Fed.R.App.P. 4(a)(6).

The remaining portion of the nunc pro tunc motion requests the opportunity to make "appropriate filings" nunc pro tunc to obtain reconsideration of the May 6, 2016 decision.  In light of the final judgment and the tenure of the argument as raising a lack of notice as opposed to a purely substantive legal challenge

---

[3]  It is therefore not necessary to determine if Rule 4(a)(5) also provides plaintiff the opportunity to file a notice of appeal.

to the merits of the decision, this court construes this portion of the motion as seeking relief under Rule 60(b). Cf. Cahoon v. Shelton, 647 F.3d 18, 29 (1st Cir. 2011) ("motion asking 'the court to modify its earlier disposition of a case because of an allegedly erroneous legal result is brought under Fed.R.Civ.P. 59(e)'") (quoting In re Sun Pipe Line, 831 F.2d 22, 24 (1st Cir. 1987), in parenthetical).

Rule 60(b) gives the court "the power to 'relieve a party . . . from a final judgment, order, or proceeding' for certain reasons, including '(1) mistake, inadvertence, surprise, or excusable neglect' and '(6) any other reason that justifies relief.'" Small J. LLC v. Xcentric Ventures LLC, 2015 WL 5737135, at *2 (D.Mass. Sept. 30, 2015) (quoting Rule 60(b)). The determination "of what constitutes excusable neglect is an equitable determination, taking into account the entire facts and circumstances surrounding the party's omission, including factors such as the danger of prejudice to the non-movant, the length of the delay, the reason for the delay, and whether the movant acted in good faith." Davila-Alvarez v. Escuela de Medicina Universidad C. del Caribe, 257 F.3d 58, 64 (1st Cir. 2001); see Pioneer Investment Services Co. v. Brunswick Associates Limited Partnership, 507 U.S. 380, 395 (1993).

"'The filing of a notice of appeal,'" however, ordinarily "'confers jurisdiction on the court of appeals and divests the

district court of its control over those aspects of the case involved in the appeal.'" DeCambre v. Brookline Hous. Auth., 826 F.3d 1, 7 (1st Cir. 2016) (quoting Griggs v. Provident Consumer Disc. Co., 459 U.S. 56, 58 (1982), in parenthetical); U.S. v. Brooks, 145 F.3d 446, 455 (1st Cir. 1998) ("as a general rule," filing "notice of appeal divests a district court of authority to proceed with respect to any matter touching upon, or involved in, the appeal"); see also Shepherd v. Int'l Paper Co., 372 F.3d 326, 329 (5th Cir. 2004) (once notice of appeal filed, district court lacks jurisdiction to *grant* previously filed Rule 60 motion); Jusino v. Zayas, 875 F.2d 986, 990 (1st Cir. 1989) (reconsideration "motion was filed before the first appeal was taken; hence, the district court had jurisdiction over it" but "waited over a year to act--and when it did, the case was on appeal" and, "[t]echnically, the district court lacked jurisdiction at that time"); Commonwealth of Puerto Rico v. SS Zoe Colocotroni, 601 F.2d 39, 41 (1st Cir. 1979) ("district court may, on its own, proceed to deny the 60(b) motion without permission of the court of appeals" and "[o]nly if the district court is inclined to grant the motion need a remand be sought and obtained"); Fed.R.Civ.P. 62.1.[4]  As explained by the First

---

[4] Under Fed.R.Civ.P. 62.1, "If a timely motion is made for relief that the court lacks authority to *grant* because of an appeal that has been docketed and is pending, the court may:  (1) defer considering the motion; (2) deny the motion; or (3) state

Circuit in Colocotroni, "The district court's authority to consider and *deny* the motion without obtaining leave from the circuit court is based on the district court's continuing jurisdiction during an appeal to act in aid of the appeal." Commonwealth of Puerto Rico v. SS Zoe Colocotroni, 601 F.2d at 41 (emphasis added).

It is debatable whether an *untimely*, subsequent notice of appeal divests the district court of jurisdiction to grant a Rule 60(b) motion without requesting and obtaining a remand as instructed in Colocotroni, 601 F.2d at 41, or resorting to Rule 62.1.  See In re Grand Jury Proceedings, 795 F.2d 226, 231 (1st Cir. 1986) (noting, in context of appeals from "civil contempt" judgments, that "an *untimely*, impermissible *or* frivolous appeal does not vest jurisdiction in the court of appeals) (emphasis added); accord Gilda Industries, Inc. v. U.S., 511 F.3d 1348, 1351 (Fed. Cir. 2008) ("[b]ecause Gilda's notice of appeal was filed a day late, the notice of appeal was untimely" and "it neither conferred jurisdiction on this court nor divested the trial court of jurisdiction"); Arthur Andersen & Co. v. Finesilver, 546 F.2d 338, 340-41 (10th Cir. 1976) (if "the notice of appeal is deficient by reason of untimeliness, lack of

---

either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue."  Fed.R.Civ.P. 62.1 (emphasis added).

essential recitals, reference to a non-appealable order, or otherwise, the district court may ignore it and proceed with the case"); In re Chevron Corp., 749 F.Supp.2d 170, 179 (S.D.N.Y. 2010) ("judicial divestiture rule does not . . . apply to untimely or otherwise defective appeals"); see also In re JPMorgan Chase Mortg. Modification Litig., 2014 WL 6833182, at *1 (D.Mass. Dec. 3, 2014) ("'[w]here the order in question is manifestly unappealable, the court of appeals never gains jurisdiction of it and, consequently, the district court never loses jurisdiction of it'"), appeal dismissed, (1st Cir. Apr. 29, 2015); but cf. In re Abdallah, 778 F.2d 75, 77 (1st Cir. 1985) ("[u]ntimely notice of appeal deprives the district court of jurisdiction to review the bankruptcy court's order").

In any event, this court *does* have the authority to deny the Rule 60(b) motion (Docket Entry # 43) as well as the remaining portion of the nunc pro tunc motion (Docket Entry # 40) that seeks the opportunity to file a motion to reconsider the May 6, 2016 decision and submit related, nunc pro tunc filings.  Thus, in order to take into account "all relevant circumstances surrounding the party's omission," Pioneer Investment Services Co. v. Brunswick Associates Limited Partnership, 507 U.S. at 395, in determining if a denial is warranted, this court directs defendants to file an affidavit regarding the process or procedures for the handling of legal mail at SBCC, including the

10

time it typically takes to process incoming legal mail and the likelihood of lost or delayed receipt of incoming legal mail. See 103 C.M.R. § 481.12.  The affiant should be an individual with personal knowledge of the process or procedures and the affidavit may include additional facts relevant to the Rule 60(b) motions.  In the event defendants wish to file an opposition to the motion for release from judgment (Docket Entry # 43), they must seek and obtain leave of court.  See LR. 7.1(b)(3).

## CONCLUSION

In accordance with the foregoing discussion, the "motion to nunc pro-tunc his notice of appeal" (Docket Entry # 40), construed as a motion to reopen the time to file an appeal, is **ALLOWED** to the extent that plaintiff will have 14 days after the date this Order is entered to file a notice of appeal.  With respect to the motion for release (Docket Entry # 43) and the remaining portion of the nunc pro tunc motion (Docket Entry # 40), defendants are **ORDERED** to file the above noted affidavit on or before December 5, 2016.

    /s/ Marianne B. Bowler
**MARIANNE B. BOWLER**
United States Magistrate Judge