UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

JAMES JACKS,
    Plaintiff,


        v.                                    CIVIL ACTION NO.
                                              14-13072-MBB

LUIS SPENCER, THOMAS
DICKHAUT, JAMES SABA,
CAROL LAWTON and DENISE
McDONOUGH,
    Defendants.


MEMORANDUM AND ORDER RE:
PLAINTIFF'S MOTION TO FILE NUNC PRO TUNC HIS NOTICE
OF APPEAL AND TO FILE A RECONSIDERATION MOTION OF
THE COURT'S MAY 6, 2016 ORDER ON DEFENDANTS' MOTION
TO DISMISS (DOCKET ENTRY # 40); PLAINTIFF'S MOTION
FOR RELEASE FROM JUDGMENT PURSUANT TO RULE 60(B)(1),
(6) AND RECONSIDERATION RIGHTS OR ALTERNATIVELY
TO NUNC PRO TUNC HIS RIGHTS TO APPEAL AND
RECONSIDERATION [sic] MOTION
(DOCKET ENTRY # 43)

**January 9, 2017**

**BOWLER, U.S.M.J**

Pending before this court are:  (1) the remaining portion of
a nunc pro tunc motion filed by plaintiff James Jacks
("plaintiff") that requests an opportunity to file a motion to
reconsider a May 6, 2016 decision and "make appropriate filings
nunc pro tunc" (Docket Entry # 40); and (2) a motion for release
from judgment under Fed.R.Civ.P. 60(b)(1) and (6) ("Rule 60(b)")[1]

---

[1]  The Rule 60(b) motion requests, in the alternative, an
ability to file an appeal of a September 30, 2015 decision that
denied plaintiff's summary judgment motion.  A November 21, 2016
Memorandum and Order noted that this request was moot because the

(Docket Entry # 43).  Plaintiff, an inmate at the Souza-
Baranowski Correctional Center in Shirley, Massachusetts
("SBCC"), filed the motions on June 27 and August 12, 2016,
respectively, as explained in the November 21, 2016 Memorandum
and Order.  (Docket Entry # 46).  The Memorandum and Order also
construed the remaining portion of the nunc pro tunc motion as
seeking relief under Rule 60(b).  (Docket Entry # 46).

As a basis for relief, petitioner attests by affidavit that
he did not receive a September 30, 2015 Memorandum and Order and
a March 16, 2016 Procedural Order[2] and belatedly received the May
6, 2016 decision on or about June 19, 2016.  (Docket Entry ## 40-
1, # 43-1).  As stated in the first affidavit, plaintiff spoke
with a "[m]ail officer" at SBCC, who informed him that "all legal
mail goes to [the] Inner Parameter [sic] Officer to deliver and
inspect for contraband and at times mail gets lost or delayed
depending on the security of the prison at the time."  (Docket
Entry # 40-1, ¶ 4).  The September 30, 2015 Memorandum and Order
denied plaintiff's summary judgment motion and the May 6, 2016
Memorandum and Order allowed defendants' summary judgment motion.

---

Memorandum and Order reopened the time period for plaintiff to
file an appeal for a 14 day time period.

[2]  The March 16, 2016 Procedural Order provided the parties up to
and including March 31, 2016 to file any additional evidentiary
material pertinent to a motion to dismiss, which this court
construed as a summary judgment motion.

Defendants Luis Spencer, Thomas Dickhaut, James Saba, Carol Lawton and Denise McDonough ("defendants") did not file an opposition to either motion.  On December 5, 2016 and in accordance with the November 2016 Memorandum and Order, they filed an affidavit.  The affidavit explains, in detail, the process and procedure for handling incoming legal mail at SBCC.

FACTUAL BACKGROUND

The Inner Perimeter Security Unit ("IPS") "is tasked with retrieving and distributing" all incoming legal mail to inmates at SBCC.  The United States Postal Service initially delivers the incoming mail to an SBCC offsite mail room.  Mail is then sorted and legal mail is separated from other incoming mail.  On a daily basis, IPS collects the incoming legal mail from the mail room, takes it to a warehouse at SBCC and subjects it to a fluoroscope examination for contraband.

"The legal mail is then delivered to the SBCC IPS Office where it is distributed to IPS officers for delivery that same day."  (Docket Entry # 48-1).  More specifically, an IPS Officer delivers the legal mail to the inmate addressee and opens the mail in front of the inmate.  If "the legal mail contains, or is suspected to contain, contraband," i.e., "illicit substances," the inmate is notified at that time and the legal mail is subject to an investigation.  (Docket Entry # 48-1).  The investigation takes place the same day at the SBCC IPS Office and, if deemed

contraband, a disciplinary report is prepared and the mail "designated as evidence and processed accordingly." (Docket Entry # 48-1). "If the legal mail in question is determined not to contain contraband, it is then delivered to the inmate." (Docket Entry # 48-1).

The entire process "generally takes no longer than 24" hours. (Docket Entry # 48-1). Notably, "It is extremely rare for legal mail to be lost or misplaced" at SBCC. (Docket Entry # 48-1).

In affidavits, plaintiff states that he did not receive the March 16, 2016 Order and belatedly received the May 6, 2016 decision on or about June 19, 2016. (Docket Entry ## 40-1, 43-1). Petitioner filed an internal grievance on June 28, 2016 based on the delayed receipt of his legal mail. (Docket Entry # 40-1). He also swears that he did not receive the September 30, 2015 Memorandum and Order denying his summary judgment motion. (Docket Entry # 43-1).

## DISCUSSION

Rule 60(b) gives the court "the power to 'relieve a party . . . from a final judgment, order, or proceeding' for certain reasons, including '(1) mistake, inadvertence, surprise, or excusable neglect' and '(6) any other reason that justifies relief.'" Small J. LLC v. Xcentric Ventures LLC, 2015 WL 5737135, at *2 (D.Mass. Sept. 30, 2015) (quoting Rule 60(b)).

4

For reasons fully explained in the November 2016 Memorandum and
Order, this court has the authority to consider and *deny* the Rule
60(b) motion (Docket Entry # 43) notwithstanding the prior notice
of appeal (Docket Entry # 42).  (Docket Entry # 46, pp. 7-10).

Examining all of the circumstances, plaintiff's reliance on
Rule 60(b)(6) is misplaced.  Rule 60(b)(1) potentially provides a
basis for relief, <u>see</u> <u>In re Cyphermint, Inc.</u>, 2011 WL 2417132, at
*4 (D.Mass. June 10, 2011), and section 60(b)(6) "'is appropriate
only when none of the first five sections pertain.'"  <u>Ungar v.
Palestine Liberation Org.</u>, 599 F.3d 79, 85 (1st Cir. 2010).  Rule
60(b)(6) "'may not be used as means to circumvent those five
preceding sections.'"  <u>Id.</u>  In any event, First Circuit case law
suggests that Rule 60(b)(6) requires the movant to be "faultless
in the delay," <u>Claremont Flock Corp. v. Alm</u>, 281 F.3d 297, 299
(1st Cir. 2002), and petitioner is, at a minimum, partly to blame
for the delay and missing the deadline to file additional
evidence.

With respect to Rule 60(b)(1), the determination "of what
constitutes excusable neglect is an equitable determination,
taking into account the entire facts and circumstances
surrounding the party's omission, including factors such as the
danger of prejudice to the non-movant, the length of the delay,
the reason for the delay, and whether the movant acted in good
faith."  <u>Davila-Alvarez v. Escuela de Medicina Universidad C. del</u>

<u>Caribe</u>, 257 F.3d 58, 64 (1st Cir. 2001); <u>see</u> <u>Pioneer Investment</u>
<u>Services Co. v. Brunswick Associates Limited Partnership</u>, 507
U.S. 380, 395 (1993).  Furthermore, under the excusable neglect
standard of Rule 60(b)(1), "the Court is permitted, 'where
appropriate, to accept late filings caused by inadvertence,
mistake, or carelessness, as well as by intervening circumstances
beyond the party's control.'"  <u>In re Cyphermint, Inc.</u>, 2011 WL
2417132, at *4 (quoting <u>United States v. $23,000 in U.S.</u>
<u>Currency</u>, 356 F.3d 157, 164 (1st Cir. 2004)).  That said,
"[d]emonstrating excusable neglect is a 'demanding standard'" and
this court has "'wide discretion' in this arena."  <u>Santos-Santos</u>
<u>v. Torres-Centeno</u>, 842 F.3d 163, 169 (1st Cir. 2016); <u>see</u> <u>also</u>
<u>Davila-Alvarez v. Escuela de Medicina Universidad C. del Caribe</u>,
257 F.3d at 63 ("motions brought under Rule 60(b) are 'committed
to the court's sound discretion'").  Finally, "[w]ithin the
constellation of factors" applicable to Rule 60(b)(1), "the most
important is the reason for the particular oversight."  <u>Nansamba</u>
<u>v. North Shore Med. Center, Inc.</u>, 727 F.3d 33, 39 (1st Cir.
2013).

In the case at bar, the danger of prejudice to defendants is
not severe and the length of the delay a matter of months.  The
reasons for the delay, namely, non-receipt and belated receipt,
however, are not convincing.  An attorney's neglect in monitoring
a docket and resulting failure to receive notice of a decision

6

within the time period to object does not constitute excusable neglect.  See Santos-Santos v. Torres-Centeno, 842 F.3d at 169. Indeed, a litigant has a "duty to monitor the case docket for orders and judgments entered." In re Shepherds Hill Dev. Co., LLC, 316 B.R. 406, 415 (B.A.P. 1st Cir. 2004) (further noting that, "the 'I didn't receive notice' defense doesn't work in federal court"); see Witty v. Dukakis, 3 F.3d 517, 520 (1st Cir. 1993) ("parties to an ongoing case have an independent obligation to monitor all developments in the case and cannot rely on the clerk's office to do their homework for them").  Pro se litigants are ordinarily held to the same standard.  See In re Cyphermint, Inc., 2011 WL 2417132, at *4 ("[p]ro se litigants are normally held to the same standard" and collecting cases denying pro se party Rule 60(b) relief).  As a litigant, petitioner therefore had a responsibility to monitor the docket for the court rulings he avers he did not receive.

Petitioner's good faith also factors into the equitable determination of excusable neglect.  The fact that losing or misplacing incoming legal mail at SBCC "is extremely rare" and that such mail is processed generally in one day renders decidedly suspect petitioner's sworn statements that he did not receive *both* the September 2015 Memorandum and Order and the March 2016 Procedural Order.  (Docket Entry # 3-1).  The docket explicitly states that the Clerk mailed the March 2016 Procedural

7

Order to petitioner.  Petitioner also attests that he did not receive the May 6, 2016 until June 19, 2016.  (Docket Entry # 43-1).  The existence of good faith is therefore extremely weak.  In sum, taking into account all of the facts and circumstances and the various relevant factors, petitioner is not entitled to relief under Rule 60(b)(1).  Finally, subsections two through five of Rule 60(b) do not apply under the factual circumstances and therefore do not warrant relief.

<u>CONCLUSION</u>

In accordance with the foregoing discussion, the remaining portion of the nunc pro tunc motion that requests an opportunity to file a motion to reconsider the May 2016 decision and "make appropriate filings nunc pro tunc" (Docket Entry # 40) as well as the motion for release from judgment under Rule 60(b)(1) and 60(b)(6) (Docket Entry # 43) are **DENIED**.

    /s/ Marianne B. Bowler
**MARIANNE B. BOWLER**
United States Magistrate Judge